# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS
No. 04-736V
Filed: July 17, 2014

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ROBERT J. RINICELLA and              *
HONEY L. RINICELLA, parents of       *
V.S.R., a minor,                     *
                                     *
                  Petitioners,       *    Autism; Stipulation;
            v.                       *    Attorney Fees and Costs
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                  Respondent.        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Robert Krakow, Esq.* Law Office of Robert Krakow, P.C., New York, NY for petitioners.
*Alexis Babcock, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a dismissal decision on December 17, 2013.  On July 14, 2014, the parties filed a stipulation for attorney fees and costs and a statement pursuant to General Order #9 conveying that petitioners incurred out-of-pocket expenses.  The stipulation indicates that after informal discussions, petitioners amended their fees and costs request to an amount that respondent does not object.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate.

**Accordingly, I hereby award the total $16,821.36[3] as follows:**

- **a lump sum of $14,700.00 in the form of a check payable jointly to petitioners (Robert and Honey Rinicella) and petitioners' counsel of record (Robert J. Krakow) for petitioners' attorney fees and costs, and**

- **a lump sum of $2,121.36 in the form of a check payable to petitioners (Robert and Honey Rinicella) for their out-of-pocket expenses.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/ Denise K. Vowell</u>
**Denise K. Vowell**
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).